**AMERICAN SAMOA GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, Plaintiff**

v.

**FATIMA GALEA`I and PARADISE TRAVEL, Defendants**

High Court of American Samoa
Trial Division

CA No. 61-94

May 23, 1994

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel:      For Plaintiff, Cheryl Crenwelge
                For Defendant Fatima Galea`i, Pro Se

Order Granting Motion for Summary Judgment:

On October 25, 1993, plaintiff American Samoa Government Employees

Federal Credit Union ("EFCU") filed a complaint in the District Court of American Samoa alleging that defendants Fatima Galea`i and Paradise Travel (collectively "Galea`i") were in arrears on a loan issued by EFCU. EFCU sought the principal, $3,952.82 (as of October 20, 1993), accrued interest, prejudgment and post-judgment interest, and attorney fees and costs. In a unverified answer filed *pro se*, Galea`i denied the allegations in the complaint, forwarded a number of affirmative defenses and sought to have any debt found forfeited and costs awarded.

On February 25, 1994, EFCU moved this court for summary judgment against Galea`i, submitting the affidavit by Vi`i Cho, collection supervisor for EFCU. EFCU later submitted a supplementary affidavit, as well as copies of Galea`i's account history and disbursement check.[1] In response to EFCU's summary judgment motion, Galea`i submitted both a sworn statement alleging that there exists a genuine dispute at least as to the amount of money owed to the plaintiff, and an unsworn statement alleging essentially the same defense. Galea`i also alleged that the District Court lacked jurisdiction, and that the interest rate charged by the EFCU of 18% is usurious.

The motion for summary judgment came regularly before this court for hearing on May 9, 1994. EFCU was represented by counsel. Galea`i was not present at the hearing, and sent no representation, despite being properly served.

We can quickly dispose of two of Galea`i's objections. The issue of the District Court's jurisdiction is now moot, as this case was properly transferred to this court on April 12, 1994.

■ Additionally, Galea`i's objection to the interest rate charged by EFCU must fail as a matter of law. The interest rates charged by a federal lending institution such as the EFCU are determined by the Board of the National Credit Union Administration ("NCUA"). The NCUA determined that for loans originating between May 15, 1987, and September 3, 1994, such as Galea`i's, the interest rate may be as high as 18% per annum. This determination was published in the Code of Federal Regulations, 12 C.F.R. § 701.21 (b)(7)(ii)(1993). The NCUA has exclusive authority to regulate terms of federal credit union loans, and this authority preempts any American Samoan laws affecting such interest rates. 12 C.F.R. §

---

[1] Vi`i Cho's supplemental affidavit, submitted by the EFCU on May 3, 1994, attested that the principal refinanced amount of the loan was $4,361.65.

701.21(b)(1)(i)(A). Therefore, the ceiling of 15% provided for in A.S.C.A. § 28.1501 is preempted by the federal rate established by the NCUA. *See Crissey v. Alaska U.S.A. Federal Credit Union*, 811 P.2d 1057 (Alaska 1991); *Home Mortgage Bank v. Ryan*, 986 F.2d 372 (10th Cir. 1993); *Fidelity Fed. Sav. & Loan Ass'n. v. de la Cresta*, 73 L. Ed.2d 664 (1982). The interest rate charged Galea`i is neither usurious nor in violation of local law. We now turn to the remaining claims.

■ Summary judgment is appropriate where the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. Rule 56. In ruling on such a motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, *United States v. Diebold*, 8 L. Ed.2d 176 (1962), treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to him. *Lokan v. Lokan*, 6 A.S.R.2d 44, 45 (1987).

■ It is also true that where "[T]he proof in support of the motion ... has a high degree of credibility the opponent must produce convincing proof." Wright, et. al., *Federal Practice and Procedure*, §§ 2727 at 142 (2nd Ed. 1983). This standard was articulated by the Supreme Court of the United States in "the *Celotex* trilogy." These three cases stand for the proposition that an inadequate showing cannot defeat a moving party's competent motion for summary judgment. "[T]he burden on the moving party may be discharged by ... pointing out ... that there is an absence of evidence to support the nonmoving party's case." *Bryant v. Southwest Marine of Samoa, Inc.*, CA No. 41-92 (1993), *citing Celotex Corp. v. Catrett*, 91 L. Ed.2d 265, 275 (1986).

■ We are well aware that summary judgment is both final and drastic. We are also cognizant of the need to dispose of meritless disputes at the earliest opportunity and so preserve judicial resources. In this case, EFCU has submitted ample materials of high reliability in order to support its motion. In response Galea`i has submitted no evidence at all, and neglected to either make an appearance at the hearing, or procure a representative to so appear. Galea`i has asserted that there is a genuine dispute but has not made the court privy in any way to the substance of this dispute. A defendant is not entitled to a trial upon the "[u]nsubstantiated hope that he can produce such evidence at trial." *Chapman v. Rudd Paint & Varnish Co.*, 409 F.2d 635, 643 (9th Cir. 1969). Galea`i has not submitted check stubs, receipts, any verified statement, or indeed any document whatsoever that we could view in a

light favorable to Galea`i's case.[2]

While we strive to give *pro se* parties every benefit of the doubt, the doubt must provide some benefit to such parties. In this case, none is articulated. Therefore, for the reasons articulated above, EFCU's motion for summary judgment is granted.

It is so ordered.

---

[2] While we have taken note of Galea'i's unsworn statement of April 5, 1994, we also note that it suffers from the same fatal flaws as Galea'i's other submissions. A non-moving party's statement, even in proper affidavit form, may be inadequate opposition to a credible summary judgment motion. *See Ashwell & Company, Inc., v. Transamerica Insurance Company*, 407 F.2d 762 (7th Cir. 1956).